IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT ANTHONY LYMAN, | ) | No. C 06-1877 MMC (PR) |
| Plaintiff, | ) | **ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION** |
| v. | ) | |
| DEPUTY LAMBERT, et al., | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 10, 2006, plaintiff, a California prisoner proceeding pro se and currently incarcerated at Salinas Valley State Prison, filed the above-titled civil rights action under 42 U.S.C. § 1983. He alleges that during the time he was housed at the Contra Costa County Jail, he was beaten by numerous jail guards, including named defendants Deputy Lambert, Deputy Duggins, Deputy Jolin, Deputy Gray, and Deputy Curran (hereafter "individual defendants"). Plaintiff has paid the filing fee.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings,

however, must be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff makes the following allegations in his complaint:

Plaintiff was being escorted in handcuffs from his cell to a different part of the jail, and had stopped in front of an elevator, at which time Deputy Duggins punched plaintiff in the side of his head, Deputy Lambert and Deputy Jolin wrestled him to the ground, and Deputy Duggins kneed him in the head.  Deputy Lambert then pulled plaintiff to his feet by his hair, smashed his face three times into a nearby cement pillar and then ran him into a nearby elevator and smashed his face into the elevator's back wall.  The elevator doors closed with plaintiff, Deputy Duggins, Deputy Lambert, and an unnamed deputy inside.  Deputy Duggins punched plaintiff in the side of his head, Deputy Lambert again slammed plaintiff's head against the elevator wall, and Deputy Duggins kneed him in the thigh.  Deputy Lambert then dragged plaintiff by the hair out of the elevator to a food preparation area, where he slammed plaintiff's face into an orange table.  Deputy Gray approached and shot plaintiff in the eye with a taser gun.  Deputies, Duggins, Lambert, Gray, Jolin and Curran then dragged plaintiff backwards upstairs to a cell, with the taser gun pointed at plaintiff's face.  Plaintiff subsequently received medical attention for his numerous injuries, including a broken tooth, a broken left elbow, two lacerations on his face, bumps on his head, a swollen nose, swollen and cut wrists and a bruised thigh,

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and

2

citation omitted); cf. Graham v. Connor, 490 U.S. 386, 395 n.10. (1989) (holding pretrial detainee protected from use of excessive force by Due Process Clause of Fourteenth Amendment); Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996) (holding Fourth Amendment protects arrestees from use of excessive force until release or arraignment).  A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, see Farmer v. Brennan, 511 U.S. 824, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297); see also LeMaire v. Maass, 12 F.3d 1444, 1451 (9th Cir. 1993). Liberally construed, plaintiff's allegations herein against the individual defendants state a cognizable claim for the use of excessive force.

Plaintiff further names as a defendant, however, a county government entity, the Contra Costa County Sheriff's Department ("Sheriff's Department").  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort.  See Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978).  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that such policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  Here, plaintiff does not allege any policy of the Sheriff's Department that was deliberately indifferent to his constitutional rights, or that such policy was the moving force behind the constitutional deprivation he allegedly suffered.  Accordingly, plaintiff fails to state a cognizable claim under § 1983 against the Sheriff's Department.

**CONCLUSION**

1. The claims against defendant Sheriff's Department are DISMISSED.
2. The Clerk of the Court shall issue summons and the United States

3

Marshall shall serve, **at the Contra Costa County Jail,** a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Deputy Lambert, Deputy Duggins, Deputy Jolin, Deputy Gray, and Deputy Curran.** Additionally, the Clerk shall mail a courtesy copy of this order and the complaint to the Contra Costa County Counsel's Office.

    2.    In order to expedite the resolution of this case, the Court orders as follows:

        a.    No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. Defendants may refile the motion filed in plaintiff's previous case, or they may supplement or augment that motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on plaintiff.

        b.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is

4

> properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    c.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    d.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3.    All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

4.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

5.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to

prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

IT IS SO ORDERED.

DATED: June 12, 2006

_____
MAXINE M. CHESNEY
United States District Judge