IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY LYMAN, | No. C 06-1877 MMC (PR) |
| Plaintiff, | **ORDER DENYING EXTENSION OF TIME** |
| v. | |
| DEPUTY LAMBERT, et al., | (Docket No. 12) |
| Defendants. | |

On March 10, 2006, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. On July 11, 2006, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground that plaintiff had failed to exhaust his administrative remedies. See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003) (providing nonexhaustion claim should be raised in unenumerated Rule 12(b) motion rather than in motion for summary judgment). On September 7, 2006, plaintiff was provided notice pursuant to Wyatt, see id. at 1120 n.14, and was granted an additional 90 days, to and including December 6, 2006, in which to respond to defendants' motion.

On September 29, 2006, plaintiff filed a request for "an extension of time in which to retain counsel in this matter." He seeks to have the "current deadline" extended by 90 days. There is no deadline for plaintiff to retain counsel in this matter; he may do so whenever he chooses. As a result, there is no need for an extension of time. If, however, plaintiff is seeking a 90-day extension of the December deadline by which his opposition to defendants'

1 motion is due, such request is denied as plaintiff has provided no reason justifying such
2 further delay.  As of the December deadline, plaintiff will have had approximately nine
3 months since the filing of this action in which to retain counsel, and five months since the
4 filing of defendants' motion in which to prepare a response.  Defendants' motion concerns
5 the preliminary, procedural matter of exhaustion, for which five months constitutes ample
6 time to prepare a response.  Moreover, plaintiff has not identified any attorney he plans to
7 retain, nor has he explained how extending the deadline for his opposition an additional 90
8 days will enable him to retain counsel.

Accordingly, plaintiff's motion is hereby DENIED.

This order terminates Docket No. 12.

IT IS SO ORDERED.

DATED: October 11, 2006

_____
MAXINE M. CHESNEY
United States District Judge