1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

ROBERT ANTHONY LYMAN,        )   No. C 06-1877 MMC (PR)
9                              )
        Plaintiff,            )   **ORDER GRANTING MOTION TO**
10                             )   **DISMISS**
    v.                        )
11                             )
DEPUTY LAMBERT, et al.,       )   **(Docket No. 5)**
12                             )
        Defendants.           )
13  _____ )

14        On March 10, 2006, plaintiff, a California prisoner proceeding pro se and currently

15  incarcerated at Salinas Valley State Prison, filed the above-titled civil rights action under 42

16  U.S.C. § 1983, complaining that employees of the Contra Costa County Jail ("Jail"), used

17  excessive force upon him during the time he was housed at that facility.  On June 12, 2006,

18  after reviewing the allegations in the complaint pursuant to 28 U.S.C. § 1915A(a), the Court

19  issued an Order of Service.  Now before the Court is defendants' motion, filed July 11, 2006,

20  to dismiss the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on

21  the ground that plaintiff failed to exhaust administrative remedies.  Plaintiff has filed a timely

22  opposition and defendants have filed a timely reply.[1]

23                          **DISCUSSION**

24  A.    Standard of Review

25        Nonexhaustion under § 1997e(a) is an affirmative defense; defendants have the

26

27        [1]On September 7, 2006, the Court issued an order providing plaintiff with notice
    pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1120 n. 14 (9th Cir.), cert. denied, 540 U.S.
28  810 (2003), and granting plaintiff an extension, to December 7, 2006, to file his opposition.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    burden of raising and proving the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108,

2    1119 (9th Cir. 2003).  A nonexhaustion defense should be raised in an unenumerated Rule

3    12(b) motion rather than in a motion for summary judgment.  Id.  In deciding such a motion,

4    the district court may look beyond the pleadings and decide disputed issues of fact.  Id. at

5    1119-20.[2]  If the court concludes the prisoner has not exhausted nonjudicial remedies, the

6    proper remedy is dismissal without prejudice.  Id. at 1120.

7    B.    Analysis

8         The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

9    provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.

10   § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other

11   correctional facility until such administrative remedies as are available are exhausted."

12   42 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district

13   court.  Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S.

14   731, 739 (2001)).   Exhaustion is a prerequisite to all prisoner lawsuits concerning prison life,

15   whether such actions involve general conditions or particular episodes, whether they allege

16   excessive force or some other wrong, and even if they seek relief not available in grievance

17   proceedings, such as  money damages.  Porter v. Nussle, 534 U.S. 516, 524, 532 (2002).

18        In support of the instant motion, defendants have submitted the declaration of

19   Lieutenant Jackie Rubin, the Administrative Services Manager at the facility where the

20   alleged incident took place.  (Rubin Decl. ¶ 1.)  Attached to Rubin's declaration are the

21   portions of the Custody Services Bureau Policy and Procedure Manual ("Manual") outlining

22   the administrative remedies available to Jail inmates.  (Id. at ¶¶ 3-4, Exs. A & B.)  As

23   explained by Rubin, the following administrative remedies were available: (1) informal

24   resolution with "housing unit deputies or supervising staff"; (2) a formal written grievance on

25   an "Inmate Request Form," filed within 48 hours of the incident; and (3) an appeal to the

26

27        [2]If the court looks beyond the pleadings in deciding an unenumerated motion to
     dismiss for failure to exhaust, the court must give the prisoner fair notice of his opportunity
28   to develop a record.  Wyatt, 315 F.3d at 1120 n.14.  As noted, plaintiff was given such notice
     on September 7, 2006.

**United States District Court**
For the Northern District of California

1    "Facility Commander or designee," filed within the 5 days of the decision being appealed.[3]

2    (Id.)  Rubin further states that she reviewed plaintiff's "booking file" in which all

3    administrative grievances or appeals by plaintiff would be filed.  (Id. at ¶ 6.)  She states she

4    did not find "any record that Mr. Lyman ever filed a proper grievance or appeal with respect

5    to the alleged incident."  (Id.)  According to Rubin, she found two documents submitted by

6    plaintiff regarding the incident, the first of which was a handwritten document plaintiff

7    submitted to the Internal Affairs Department on May 12, 2005.  (Id. at ¶ 7, Ex. C.)  She states

8    the second document was a "request for information" dated July 12, 2005, in which plaintiff

9    did not describe the incident in the complaint, but simply requested the number "assigned to

10   my complaint" and the "level my complaint is currently at."  (Id. at ¶ 7, Ex. D.)

11        In the portion of his form complaint for identifying any administrative grievances or

12   appeals plaintiff filed regarding his claims, plaintiff simply states that he "went to the highest

13   level" by submitting the May 12, 2005 complaint to Internal Affairs.[4]  (Complaint at 2.)

14   Plaintiff does not assert, either in his complaint or opposition to the instant motion, that he

15   ever pursued his claims in any other administrative grievance or appeal.  Even if the Internal

16   Affairs complaint, or the request for information located in his booking file, could be

17   construed as an administrative grievance or appeal, neither satisfies the exhaustion

18   requirement of the PLRA because neither was timely.  The PLRA's exhaustion requirement

19   cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative

20   grievance or appeal."  Woodford v. Ngo, 126 S. Ct. 2378, 2382 (2006).  "Proper exhaustion

21   demands compliance with an agency's deadlines and other critical procedural rules because

22   no adjudicative system can function effectively without imposing some orderly structure on

23   the course of its proceedings."  Id. at 2386. (footnote omitted).  As noted above, the deadline

24

25        [3]Jail inmates are notified of these administrative remedies in an orientation video
26   when they arrive at the Jail, and are informed that these remedies are posted on each housing
     unit at the Jail.  (Id. at ¶ 5.)  Plaintiff does not assert he was unaware of these remedies.

27        [4]Plaintiff attached to the form complaint a document titled "Statement of Claim,"
28   which plaintiff states is a handwritten copy of his May 12, 2005 complaint to the Jail's
     Internal Affairs Department.

United States District Court
For the Northern District of California

1  for filing a written grievance under Jail rules is within 48 hours of the incident.  The incident

2  alleged in the complaint occurred on February 24, 2005, over two months before the

3  submission of plaintiff's May 12, 2005 complaint to the Internal Affairs Department, and

4  over four months before the submission of his July 12, 2005 request for information.  As a

5  result, even if these two documents could be construed as administrative grievances, they

6  would not satisfy the exhaustion requirement because they were untimely.

7        As noted, plaintiff does not assert that he ever pursued his claims by way of any of the

8  administrative remedies set forth in the Manual, such as informal resolution, written formal

9  grievance or written appeal to the Facility Commander.  Nor does he dispute that such

10  remedies were made available to Jail inmates at the time of the incident alleged in his

11  complaint.  Instead, in his opposition, he contents he should be excused from the PLRA

12  exhaustion requirement for two reasons.  First, he argues he is excused from the exhaustion

13  requirement because he seeks only money damages, a form of relief he claims is not

14  available through the Jail's administrative remedies.  The Court disagrees.  To begin with,

15  plaintiff cites to no authority or evidence indicating monetary damages are not available

16  through the Jail's administrative remedies.  In the provisions of the Manual attached to

17  Rubin's declaration, § II.6.b. states: "Corrective action must be provided if any grievance has

18  been validated."  (Rubin Decl., Ex. A.)  Nothing in the Manual's provisions or any other

19  evidence submitted herein suggests that Jail officials would be precluded from providing

20  monetary damages in a particular case.  (See id. at Exs. A & B.)  Moreover, even if monetary

21  damages were not available through the Jail's administrative grievance procedure, such

22  circumstances would not excuse plaintiff's obligation to exhaust.  The Supreme Court has

23  held the unavailability of money damages through an institution's administrative grievance

24  proceedings does not excuse exhaustion under the PLRA, because some sort of relief or

25  responsive action may result from the grievance.  Booth, 532 U.S. at 737, 741; see also

26  Porter, 534 U.S. at 525 (finding purposes of exhaustion requirement include allowing prison

27  to take responsive action, filtering out frivolous cases, and creating administrative records).

28  Consequently, plaintiff's obligation to exhaust his available administrative remedies prior to

4

United States District Court
For the Northern District of California

1  filing the present action is not excused by the fact that he seeks money damages herein.

2  Plaintiff also argues he need not exhaust because "excessive force" is not specifically

3  listed in the Manual as a grievable claim.[5]  The Supreme Court has held, however, that "[t]he

4  PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they

5  involve general circumstances or particular episodes, and whether they allege excessive force

6  or some other wrong."  Id. at 532.  As a result, plaintiff's argument that exhaustion is

7  excused because he is bringing an excessive force claim fails.

8  In sum, plaintiff did not pursue any of the administrative remedies available to him at

9  the Jail with respect to the claims he raises herein.  His obligation, under the PLRA, to do so

10  was not excused by virtue of the fact that he seeks only money damages, or the fact that his

11  complaint alleges the use of excessive force.  As a consequence, the complaint will be

12  dismissed without prejudice for failure to exhaust.  See Wyatt, 315 F.3d at 1119-20 (holding

13  where court finds lack of exhaustion, proper remedy is dismissal without prejudice).

## CONCLUSION

15  For the reasons stated above, defendants' motion to dismiss the complaint is

16  GRANTED, and the above-titled action is hereby DISMISSED without prejudice.

17  This order terminates Docket No. 5.

18  The Clerk shall close the file.

19  IT IS SO ORDERED.

20  DATED: February 6, 2007

MAXINE M. CHESNEY
United States District Judge

---

25  [5]Section I.B. of the Manual states that "any action" affecting an inmate's "conditions of confinement may be grievable," and lists eight categories of grievable claims.  (Rubin Decl. Ex. A.)  The Court notes that although "excessive force" is not specifically listed, nothing in the Manual suggests this list is exclusive, and in any event, the Supreme Court has found excessive force claims are claims concerning "conditions of confinement."  See McCarthy v. Bronson, 500 U.S. 136 (1991) (holding "conditions of confinement," as used in 28 U.S.C. § 636(b)(1)(B), includes use of excessive force); cf. Porter, 534 U.S. at 526-32 (finding excessive force claims are claims about "prison conditions" under PLRA).