IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ANTHONY LYMAN, | No. C 06-1877 MMC (PR) |
| Plaintiff, | **ORDER DENYING MOTION TO VACATE JUDGMENT** |
| v. | |
| DEPUTY LAMBERT, et al., | **(Docket No. 19)** |
| Defendants. | |

On March 10, 2006, plaintiff, a California prisoner proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging that employees of the Contra Costa County Jail ("County Jail") used excessive force against him at the time he was housed at that facility in February 2005. On February 6, 2007, after full briefing by the parties, the Court granted defendants' motion to dismiss the complaint, on the ground that plaintiff failed to exhaust administrative remedies, and judgment was entered dismissing the action without prejudice. On January 28, 2008, plaintiff filed a motion to vacate the judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. Defendants have opposed the motion.

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion to vacate judgment may be based on Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other

reason justifying relief.  See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff seeks relief under Rule 60(b)(6), a "catchall provision" that applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. Samish Indian Tribe v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).  "[Rule 60(b)(6)] has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (internal quotations omitted).  Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." Id. (internal quotations omitted).

In support of his motion, plaintiff argues the Court should find he exhausted administrative remedies because (1) he filed a timely grievance and (2) he could not have exhausted his administrative remedies at the time he filed his complaint because he no longer was incarcerated at the County Jail.  As discussed below, the Court finds plaintiff's arguments are without merit.

Plaintiff filed his complaint on March 10, 2006, at which time he was incarcerated at Salinas Valley State Prison.  On July 11, 2006, defendants filed a motion to dismiss the complaint on the ground that plaintiff had not exhausted administrative remedies with respect to his claim that excessive force had been used against him at the County Jail on February 24, 2005. On August 10, 2006, plaintiff sought an extension of time in which to file an opposition; on September 7, 2006, the Court granted plaintiff an extension until December 6, 2006. In so doing, the Court provided plaintiff with the following notice pursuant to Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003):

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions,

2

> answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

(Order, filed Sept. 7, 2006, at 2.)

On December 5, 2006, plaintiff filed an opposition to the motion to dismiss.  In his opposition plaintiff did not claim he had pursued his administrative remedies at the County Jail; rather, he argued he did not have to comply with the County Jail's grievance procedures because (1) he was seeking money damages, a form of relief not available through the jail's grievance process and (2) "excessive force" was not specifically listed in the "Inmate Grievance Procedures" as a grievable claim.

On February 6, 2007, the Court granted the motion to dismiss, finding plaintiff had not shown he had timely pursued any of the administrative remedies available to him at the County Jail, nor had he shown he was excused from doing so.

In support of his motion for reconsideration, plaintiff for the first time argues that he filed a timely grievance at the County Jail within twenty-four hours of the February 24, 2005 incident at issue.  In support thereof, plaintiff submits a declaration stating the same.  The Court finds plaintiff's argument and newly-submitted evidence unpersuasive, as plaintiff, who was expressly informed that he must set out specific facts showing exhaustion when opposing defendants' motion to dismiss, has not shown that extraordinary circumstances beyond his control prevented him from raising such argument in his opposition.  Further, the argument directly contradicts plaintiff's allegation in his complaint that the only grievance he pursued was a complaint that he submitted to Internal Affairs on May 12, 2005.  (Order, filed Feb. 6, 2007, at 3.)

Plaintiff further argues that he should be excused from exhausting his administrative remedies because at the time he filed his complaint he was no longer incarcerated at the County Jail.  Plaintiff's additional argument fails as, according to the allegations in the complaint, plaintiff was incarcerated at the County Jail from at least February 24, 2005, the date of the incident at issue, until May 12, 2005, the date on which he submitted his complaint about the incident to Internal Affairs.  As plaintiff has not shown he was unable to

pursue his administrative grievances during that period, and, indeed, now argues that he did so, his subsequent transfer from the County Jail to state prison provides no ground for relief under Rule 60(b)(6).

Accordingly, as plaintiff has not shown he is entitled to relief under Rule 60(b)(6), the motion to vacate judgment is hereby DENIED.

This order terminates Docket No. 19.

IT IS SO ORDERED.

DATED: June 12, 2008

MAXINE M. CHESNEY
United States District Judge

4